UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALBERT STENBERG,

    Plaintiff,

v.

SUZANNE GROFF, MARGARET OUELLETTE, JAMES BLESSMAN, CARMEN McINTYRE, WELLPATH/GRAND PRAIRIE HEALTH CARE, BRYAN MORRISON, MARY HOWARD, RICKEY COLEMAN, TERI MASSEY, HEIDI WASHINGTON, JEFFERY BOMBER, JOHN DOE, and JANE DOE,

    Defendants.
_____/

Case No.  2:24-cv-13112
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

## ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE
## (ECF Nos. 59, 62, 68, 69)

I.

This is a prisoner civil rights case. Plaintiff Edward Stenberg (Stenberg), proceeding *pro se*, is suing defendants Suzanne Groff, Margaret Ouellette, James Blessman, Carmen McIntyre, Wellpath/Grand Prairie Health Care, Bryan Morrison, Mary Howard, Rickey Coleman, Teri Massey, Heidi Washington, Jeffery Bomber, John Doe, and Jane Doe alleging deliberate indifference to his

1

serious medical needs in violation of the Eighth Amendment. At all relevant times, he was housed at either the Lakeland Correctional Facility or the Thumb Correctional Facility in Michigan. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 25).

Stenberg has filed several motions to strike papers filed by defendants, under Rule 12(f) and Rule 11(c), as follows:

1. Motion to Strike Defendant's Response to Plaintiff's Motions for Injunctive Relief (ECF No. 59)[1]

2. Motion to Strike Coleman and Massey's Motion to Dismiss (ECF No. 62)[2]

3. Motion to Strike MDOC Defendants' Reply to Motion to Dismiss (ECF Nos. 68, 69)[3]

For the reasons discussed below, each of these motions will be DENIED.

II.

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

---

[1] The undersigned has entered a Report and Recommendation (R&R) recommending that Stenberg's motions for preliminary injunction be denied. (ECF No. 48). Stenberg has objected to the R&R, which is pending before the district judge. (ECF No. 68).

[2] Coleman and Massey filed a response to the motion to strike, arguing that the motion should be denied. (ECF No. 66).

[3] ECF Nos. 68 and 69 appear to be identical motions to strike.

scandalous matter ... on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Additionally, "the Court has the inherent power to control its docket, which includes the power to strike a document or a portion of a document." *Benzaoual v. OhioHealth Corp.*, No. 2:19-cv-3366, 2021 WL 2712174, at *5 (S.D. Ohio July 1, 2021). However, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

Fed. R. Civ. P. 11(b) provides that an attorney submitting a filing to the Court represents, inter alia, that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1) and (2). Rule 11(c) provides the enforcement mechanism for Rule 11(b)'s requirements, and states that a court may impose sanctions on a party and his attorney. Fed. R. Civ. P. 11(c). When a party asks the Court to sanction another party, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within

another time the court sets." Fed. R. Civ. P. 11(c)(2). Rule 11(c)(1) gives the Court discretion to award sanctions, and Rule 11(c)(4) requires that any sanction the Court imposes is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(1) and (c)(4).

### III.

None of Stenberg's motions to strike meet the Rule 12(f) standard. Indeed, in all of them he alleges that the defense counsel has engaged in "misdirection" and "distorted true facts," and is increasing litigation costs by filing motions and replies. Nothing in defendants' filings warrant them being stricken. To the contrary, Stenberg's motions to strike actually contain impertinent material which could be stricken. As to striking defendants' filings under Rule 11, there is no indication that Stenberg complied with the safe-harbor provision in Rule 11(c)(2) before filing any of the motions. Even aside from that, nothing in defendants' filings contain material which would warrant sanctions of any kind.

### IV.

Accordingly, for the reasons stated above, Stenberg's motions to strike (ECF Nos. 59, 62, 68, 69) are DENIED.

Stenberg is also cautioned that any future motions of a similar type may be stricken under Rule 12(f).

SO ORDERED.

Dated: July 11, 2025                    s/Kimberly G. Altman
Detroit, Michigan                       KIMBERLY G. ALTMAN
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2025.

                                        s/Emily Vradenburg
                                        EMILY VRADENBURG
                                        Case Manager