UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALBERT STENBERG,

    Plaintiff,

v.

SUZANNE GROFF, MARGARET OUELLETTE, JAMES BLESSMAN, CARMEN McINTYRE, WELLPATH/GRAND PRAIRIE HEALH CARE, BRYAN MORRISON, MARY HOWARD, RICKEY COLEMAN, TERI MASSEY, HEIDI WASHINGTON, JEFFREY BOMBER, JOHN DOE, and JANE DOE,

    Defendants.
_____/

Case No.  2:24-cv-13112
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING IN PART PLAINTIFF'S MOTION OBJECTING TO THE LATE FILING OF DEFENDANT'S REPLY BRIEF AND FOR LEAVE TO FILE A SUR-REPLY (ECF No. 90) AND GRANTING DEFENDANT'S MOTION TO EXTEND (ECF No. 91)**

I.    Introduction

This is a prisoner civil rights case.  Plaintiff Edward Stenberg, proceeding *pro se*, is suing defendants Suzanne Groff, Margaret Ouellette, James Blessman, Carmen McIntyre, Wellpath/Grand Prairie Health Care (Wellpath), Bryan Morrison, Mary Howard, Rickey Coleman, Teri Massey, Heidi Washington,

1

Jeffery Bomber, John Doe, and Jane Doe alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  At all relevant times, he was housed at either the Lakeland Correctional Facility or the Thumb Correctional Facility in Michigan.  *See* ECF No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 25).

Before the Court are Stenberg's motion objecting to the late filing of defendant's reply brief and for leave to file a sur-reply (ECF No. 90), and Wellpath's emergency motion to extend the time for its reply brief.  (ECF No. 91).  Wellpath has also filed a response to Stenberg's motion.  (ECF No. 92).  For the reasons discussed below, Stenberg's motion will be GRANTED IN PART, such that Stenberg will be allowed to file a sur-reply.  Stenberg's request for the Court to "disregard" Wellpath's reply brief will be DENIED, and Wellpath's motion to extend the time for its reply will be GRANTED.

## II.  Background

On June 6, 2025, Wellpath filed a motion to dismiss based on bankruptcy discharge.  (ECF No. 57).  The Court directed Stenberg to file a response to the motion by July 16, 2025.  (ECF No. 58).  On July 8, 2025, Stenberg sent a letter in response to the Court's order stating that he had not received a copy of Wellpath's motion to dismiss.  (ECF No. 67).  In response, the Court sent Stenberg a copy of Wellpath's motion as a one-time courtesy and extended the time for Stenberg to

2

file a response to August 7, 2025. (ECF No. 70). Stenberg filed his response on July 14, 2025. (ECF No. 75). Wellpath then filed a reply on August 21, 2025. (ECF No. 88).

On September 9, 2025, Stenberg filed the instant motion asking the Court to "disregard" Wellpath's reply brief because it was untimely filed. (ECF No. 90, PageID.2128). In the alternative, he asks that he be allowed to file a sur-reply to address new arguments raised in the reply. (*Id.*). On September 12, 2025, Wellpath filed an emergency motion to extend the time to file its earlier reply brief (ECF No. 91) and a response to Stenberg's motion. (ECF No. 92). In both, Wellpath explains that when the Court set Stenberg's response as due on August 7, 2021, counsel for Wellpath calendared the due date for their reply as August 21, 2025, and mistakenly failed to adjust it when Stenberg filed his response more than three weeks early. (ECF No. 91, PageID.2133-2134).

III. Discussion

Under Fed. R. Civ. P. 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time… (B) on motion made after the time has expired if the party failed to act because of excusable neglect." There are five factors to consider in deciding whether excusable neglect exists: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay,

(4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Although Wellpath filed its reply more than three weeks late, this error was due to a simple mistake; when Stenberg filed his response early, they did not update the due date for their reply. There is no indication that Wellpath acted in bad faith, and there has been no prejudice to Stenberg or impact on the judicial proceeding caused by the late filing. Given this, Stenberg's request for the Court to "disregard" the reply is denied, and Wellpath's motion to extend the time for it to file its reply brief is granted.

In the alternative, Stenberg requests permission to file a sur-reply. Generally, sur-replies are not permitted under E.D. Mich. LR 7.1(d)(1). *See United States v. Holland*, No. 2:13-CV-10082, 2016 WL 11683308, at *5 (E.D. Mich. June 1, 2016). However, the court may permit otherwise under the local rule, and "such filings may be allowed in the appropriate circumstances, especially when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (internal citation omitted). Stenberg states that new arguments were made in Wellpath's reply, namely that his

claims are barred by the discharge and injunction provisions of the confirmed bankruptcy plan. Because he wishes to respond to these claims, Stenberg will be permitted to file a sur-reply.

## IV.   Conclusion

For the reasons discussed above, Stenberg's motion (ECF No. 90) is GRANTED IN PART, such that Stenberg may file a sur-reply; and Wellpath's motion to extend (ECF No. 91) is GRANTED, such that their late reply will be accepted. Stenberg's sur-reply is due **on or before September 29, 2025, and it may not exceed 7 pages.**

**No further filings shall be made by either party in relation to Wellpath's motion to dismiss (ECF No. 57) unless requested by the Court.**

SO ORDERED.

Dated: September 15, 2025  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2025.

s/Julie Owens  
JULIE OWENS  
Case Manager

5